## FRANK B. COTTON V. SAMUEL COIT.

### No. 313.

**1. Parties—Interest Involved.**

The matter involved was a two-thirds interest in certain lands deeded to a trustee. The parties to the suit owned the entire two-thirds. The other one-third interest, owned by others not made parties, not being in litigation, a demurrer for want of parties was properly overruled ............. 418

**2. Same.**

The general rule as to parties is, that when a bill is brought for relief all persons materially interested in the subject of the suit ought to be made parties, either as plaintiffs or defendants, in order to prevent a multiplicity of suits, and that there may be a complete and final decree between all the parties interested ................................................. 418

**3. Same—Equitable Proceedings.**

Title to lands was vested in a trustee. The lands were obtained under a contract declaring, that one-half the lands went to persons who composed the party of the first part, and one-half to those who composed the party of the second part. The contract did not definitely settle the interest of each person in the half assigned to the party of which he is a member. The litigation being a claim asserted by purchase from some of the persons composing the first part, it affected the other part owners of said party of first part. In such case, they were necessary parties, in order that the rights of all persons concerned might be settled; and it was error to overrule the exceptions for want of the necessary parties ................................ 419

**4. Decree—Trust.**

In litigation by a part owner of lands vested in a trustee to be administered under a contract under which the plaintiff holds, it was error to grant possession as against the trustee. Decree is here rendered establishing the interest in the land (Cotton addition to El Paso) claimed by plaintiff, to be administered by the trustee under said contract ............... ..... 420

**5. Secondary Evidence.**

A witness testified, that he had obtained from the district clerk an execution; that he had lost it, and had made diligent search for it, without success. This was sufficient evidence to allow the witness to testify to the contents of the lost paper................. ................................. 420

ERROR to Court of Civil Appeals for Fourth District, in an appeal from El Paso County.

The opinion gives a sufficient statement.

*W. B. Merchant*, for plaintiff in error.—1. As each and every one of the original parties to the two contracts set up by defendant in error, or parties who had acquired the interest of the original parties, were necessary parties to this suit, the court should have sustained the exception raising the question as to nonjoinder of necessary parties, and should have dismissed the suit, or directed that the necessary parties be brought in. Holloway v. McIlheny, 14 S. W. Rep., 240; Shelby and Wife v. Burtis, 18 Texas, 644; Railway v. Le Gierse, 51 Texas, 189; Speake v. Prewitt, 6 Texas, 252; Buffalo B. S. C. Co. v. Bruly, 45 Texas, 6; De la Vega v. League, 64 Texas, 205.

2. The count erred in its judgment in changing the legal status and title to the land known as the Burdett survey, or Cotton's addition, and legal status in reference to persons not made parties to this suit, but interested in the subject matter thereof as beneficiaries. Perry on Trusts, secs. 98, 104, 228, 305, 328, 334, 390, 402; Meacham v. The State, 93 Ill., 146; Kirkland v. Cox, 94 Ill., 400; Kellogg v. Hale, 108 Ill., 168.

Counsel also cited: 27 Am. and Eng. Encyc. of Law, 11; 2 Pom. Eq. Jur., 2 ed., secs. 1001, 1002, 1062; Halloway v. McIlhenny, 14 S. W. Rep., 240; Webster v. Cooper, 14 How., 488; Kellogg v. Hale, 108 Ill., 164; Adams v. Perry, 43 N. Y., 487.

*H. B. Barnhart* and *Millard Patterson*, for defendant in error.—1. The trial court did not err in finding that plaintiff, Coit, was the owner, as against Frank B. Cotton, of an undivided three-fifths of two-thirds of the real estate which is referred to in the plaintiff's petition as Burdett survey number 2, viz., the Cotton addition to the city of El Paso, as by virtue of the written agreement of December 21, 1880, under which said real estate was acquired, and by virtue of the deeds under which the title to said real estate was acquired, and by virtue of the express agreement as shown by the testimony, and by virtue of the transfers shown in the testimony, Coit was entitled to recover, and is the owner, as against Frank B. Cotton, of at least an undivided three-fifths of two-thirds of said real estate. 3 Washb. Real Prop., 4 ed., 406, 407; Markoe v. Wakeman, 107 Ill., 251; Freem. on Coten., sec. 105.

2. The action brought by Coit was not an action brought for specific performance. The testimony shows, that the title, which was held by Cotton as trustee, to Burdett survey number 2, and to eighty-seven sections of mineral lands, was held by him under an express trust, and there is no testimony to show that Cotton ever repudiated the trust. The testimony shows conclusively, that up to the very time of the trial, since the Cotton addition was acquired in 1881, Noyes Rand, as the agent for all persons interested in the said real estate, had been in possession of said real estate, holding and protecting the same for all persons interested; and that ever since the acquisition of the mineral lands he had been looking after and caring for the mineral lands in behalf of all persons interested; and the testimony does not show that Frank B. Cotton was ever in the actual possession of any of the land, claiming it adversely to any one, and the statute of limitations of ten years has no application whatever in the case. Brotherton v. Weathersby, 73 Texas, 471; Winburn v. Cochran, 9 Texas, 125; Gibbons v. Bell, 45 Texas, 417.

BROWN, ASSOCIATE JUSTICE.—On the 17th day of April, 1880, Noyes Rand, Frances W. Abney, Richard W. Dorphley, P. B. Delaney, and Clarence B. Ehrman, parties of the first part, and Frank B. Cotton and his associates, parties of the second part, entered into

an agreement, the substance of which, so far as necessary to the decision of this case, we state below. The associates of Frank B. Cotton were George H. Cotton, Walter G. Cotton, E. B. Buckingham, and William P. Hunt, but they were not named in the instrument.

By the terms of the contract, all mineral lands theretofore or thereafter acquired by the parties of the first part, in Texas, were to be held for the benefit of the parties to the agreement, in the proportion of one-half interest to the parties of the first part and the other half-interest to the parties of the second part.

Frank B. Cotton and his associates were to furnish the money to pay for the lands, not exceeding $30,000, and for paying expenses of the parties in selecting the lands, a sum not exceeding $3000, which last sum was to be reimbursed out of the earnings of the enterprise; and also to furnish such other amounts of money as might be necessary in developing the lands to be purchased under the agreement, that might be decided upon by the parties, for which they were to be reimbursed out of the earnings of the enterprise, before any dividends were declared.

Noyes Rand and Frances W. Abney were to give their personal attention to the purchase and selection of the lands, and to secure the services of Clarence B. Ehrman to assist them.

When the lands had been selected and the titles approved they were to be conveyed to a corporation, to be formed under a charter to be obtained under the laws of Texas, or some other State, to be decided upon. The capital stock of such corporation was thereafter to be determined upon, and to be transferred to the respective parties, in the proportion of one-half to the parties of the first part, and the other half to the parties of the second part, "or in such other divisions as the respective parties thereto may agree among themselves."

Under this agreement the parties acquired about eighty-seven sections of mineral lands in El Paso County, which were deeded, according to the terms of the contract, to Frank B. Cotton and E. B. Buckingham, as trustees for all of the parties. The corporation was never formed as agreed upon.

On the 21st day of December, 1880, Frank B. Cotton, for himself and his associates not named in the contract, that is, George H. Cotton, Walter G. Cotton, E. B. Buckingham, and William P. Hunt, as parties of the first part, and Noyes Rand and Richard W. Dorphley, as parties of the second part, entered into another agreement, in substance, that all the lands acquired west of the Mississippi River, not embraced in the first contract, after November 19, 1880, by either of the parties of the second part or their associates, were to be held for the joint account and interest of all the parties to the contract; said interest to be apportioned, two-thirds of all profits arising from such purchases to accrue to Frank B. Cotton and his associates, and one-third of such profits to Noyes Rand and R. W. Dorphley and their associates. The land was to be deeded to Frank B. Cotton, trustee for all the parties.

The party of the first part to furnish the money necessary to purchase the land under the agreement, and a sum not exceeding $3000, for the purpose of paying expenses.

Under this agreement the parties acquired a tract of land near the city of El Paso, afterwards known as the "Cotton addition" to the said city. Frank B. Cotton acquired the interest of his associate, William P. Hunt, in all the land acquired under both contracts, and Samuel Coit purchased the interest of George H. Cotton, Walter G. Cotton, and E. B. Buckingham in the land acquired under both contracts, and the interest of Frances W. Abney in the mineral lands.

Samuel Coit filed suit in the District Court of El Paso County against Frank B. Cotton, as trustee, and personally, to recover certain moneys alleged to have been paid by the plaintiff in settlement of taxes upon the land known as the "Cotton addition," and to establish the right of the plaintiff in the lands acquired by the purchase from the parties before mentioned, under both contracts, claiming that Frank B. Cotton, as trustee, denied his right under said contract. That E. B. Buckingham acknowledged his right thereto.

Upon trial before the court, judgment was entered in the District Court in favor of the plaintiff, adjudging that the "plaintiff, Samuel Coit, is the owner in fee simple, as against the defendant, Frank B. Cotton, of an undivided three-fifths of an undivided two-thirds in and of the following described real estate;" describing the land called "Cotton addition;" and also a similar judgment in favor of Samuel Coit, against the same defendant, for four-tenths of the land acquired under the first contract.

Judgment was also rendered in favor of the plaintiff for $3606.14, for the lien on the "Cotton addition," for the sum of $1935.44 of that amount.

The Court of Civil Appeals affirmed the judgment as to the lands, but reformed it as to the amount recovered in money, requiring a remittitur to be entered, so as to leave the amount recovered $1235.10.

The plaintiff in error presents a number of objections to the judgment of the District Court and Court of Civil Appeals, but we shall only notice such as we deem necessary in order to dispose of the case here, the other questions having been properly disposed of by the Court of Civil Appeals.

The defendant in the court below excepted to the plaintiff's petition, because the parties at interest, who were necessary parties to the proceeding, were not made parties, either plaintiff or defendant. We think that this exception was well taken as to a part of the subject matter of the suit.

There are embraced in the petition of plaintiff three distinct causes of action: The first, a suit for three-fifths interest in two-thirds of the profits arising under the second contract, and in which the one-third interest is in no way involved. In regard to this tract of land, all the parties interested in the two-thirds interest in litigation are

made parties to this suit. Samuel Coit owns three-fifths and Frank B. Cotton two-fifths of the two-thirds interest in litigation. The right claimed in this two-thirds interest was derived under the second contract, and in no way connected with the first, nor are there any facts which are common to the two different causes of action.

The second cause of action is a right claimed by the plaintiff of four-tenths in eighty-seven sections of land, situated in El Paso County, acquired under the first contract, and known as the mineral lands. Under the first contract, the interest of the parties is in the land itself, and it was divided, so to speak, one-half to the persons who composed the party of the first part, and one-half to those who composed the party of the second part. Plaintiff, Samuel Coit, claimed to be the owner of three-fifths of the half which belonged to the parties of the second part, and one-fifth of the half belonging to the party of the first part. Frank B. Cotton was alleged to be the owner of two-fifths of the half belonging to the party of the second part, and none of the interest belonging to the party of the first part. Cotton and Buckingham held the legal title to the land in trust for all the parties interested. The contract does not definitely settle the interest of each person in the half assigned to the party of which he is a member. The language of the contract, as stated above, is, "one-half to the party of the first part, and one-half to the party of the second part;" and when speaking of the distribution of the capital stock, which would represent the land after the corporation had been formed, if it had been formed, it is provided, that the capital stock shall be distributed in proportion of one-half to the parties of the first part, and the other half to the parties of the second part; or "in such other divisions as the respective parties thereto may agree among themselves." From this language we understand, that while one-half of the capital stock was to be given to all the parties of the first part, and the other half to all the parties of the second part jointly, each half was to be divided among the persons composing the party of the first and second part, according to agreement among themselves. The testimony in this case shows, that the parties of the first part, in the first contract, did not own the land in equal shares.

"The general rule in cases of this sort is, that in suits respecting the trust property, brought either by or against the trustees, the cestui que trust, or beneficiaries, as well as the trustee also, are necessary parties. And when the suit is by or against the cestui que trust or beneficiaries, the trustees are also necessary parties; the trustees have the legal interest, and therefore they are necessary parties; the cestui que trust, or beneficiaries, have the equitable and ultimate interest to be effected by the decree, and therefore they are necessary parties." Hall v. Harris, 11 Texas, 303. This general rule is again stated in this language: "The general rule as to parties undoubtedly is, that when a bill is brought for relief, all persons materially interested in the subject of the suit ought to be made parties, either as plaintiffs or defend-

ants, in order to prevent a multiplicity of suits, and that there may be a complete and final decree between all the parties interested." Bank v. Seton, 1 Pet., 306.

So far as the petition related to the first above stated cause of action, that is, to the land known as the "Cotton addition," the exception was not well taken; because, as to the interests involved, all the persons interested were made parties plaintiff or defendant. Noyes Rand and Richard W. Dorphley were in nowise interested in the two-thirds in question between Coit and Cotton.

But the state of the case is different as to the eighty-seven sections of land acquired under the first contract, and known as the mineral lands. As regards that land, an interest in the half which was assigned to the parties of the first part was also sought to be established in favor of the plaintiff. In that half, Noyes Rand, Richard W. Dorphley, P. B. Delaney, and Clarence B. Ehrman were interested, though not parties to the suit. It was sought to establish in favor of the plaintiff, Samuel Coit, the one-fifth interest in this land, as a purchaser from Frances W. Abney. The other owners of that half-interest might have disputed the fact that Abney was entitled to so much as one-fifth thereof, and as the suit undertook to fix a definite interest as derived from Abney, it was necessary that the other persons interested should be made parties, in order that the rights of all the persons concerned might be determined and settled in one suit. Jenkins v. Frink, 30 Cal., 595. It is true that the judgment in this case would not be binding upon the persons not made parties to it, and that they might, in the distribution of the lands between themselves and Coit, dispute his interest to the one-fifth established by the judgment. This very fact makes it important to the defendant, Frank B. Cotton, who holds the land as trustee for all of the parties, to have the rights of the persons interested therein settled and determined in that one proceeding. Otherwise, the judgment in favor of Coit against Cotton, who held as trustee for Coit, to the extent of one-fifth interest in the half belonging, under the contract, to the parties of the first part, might bind Cotton, as in favor of Coit, and yet not be binding in favor of Cotton as to Rand, Dorphley, Delaney, and Ehrman. Cotton had the right for his own protection, as trustee, to demand that the rights of the beneficiaries in the trust be settled in that proceeding. We therefore conclude, that the court should have sustained the exception, for the want of proper parties, to so much of the petition as set up the right and claim of Coit to the mineral lands; and that the court erred in overruling the exception to so much of the petition, for which error the judgment of the District Court must be reversed.

The third cause of action embraced in the petition is a claim for money. Upon this the court below rendered judgment, which was reformed by the Court of Civil Appeals, so as to give the plaintiff below judgment for the sum of $1235.10, with interest from the 26th day

of April, 1894, at 6 per cent. The judgment of the Court of Civil Appeals upon this claim is not complained of in this court.

But each of these causes of action might have been prosecuted in a separate suit, or, if the defendant had objected to the misjoinder of causes of action in this case, plaintiff might have been compelled to elect upon which he would proceed; but no such objection was made.

The District Court rendered judgment in favor of Coit for the land known as the "Cotton addition," in the following words: "It is therefore ordered, adjudged, and decreed by the court, that the plaintiff, Samuel Coit, is the owner in fee simple, as against the defendant, Frank B. Cotton, of an undivided three-fifths of an undivided two-thirds in and of the following described real estate," describing the "Cotton addition." Plaintiff in error objects to this judgment, that it entitles plaintiff to possession of the interest in the land adjudged to him, and thereby destroys the trust. We think that this objection is well taken. The plaintiff was not entitled under his pleadings or the evidence to the possession of the land. He was entitled to have his right as a beneficiary in the said trust established by the judgment, but not to interfere with the execution of that trust.

Plaintiff in error objected in the court below to the testimony of Mr. Barnhardt of the contents of an execution, alleged to be lost, for the reason that no sufficient predicate had been laid for the introduction of such testimony. While it appears from the judgment that this evidence was not considered by the court, we think it proper, in view of another trial, to state our views of the law upon that objection. Witness stated the fact that the execution had been by him taken from the clerk's office, and by him had been lost; that he made diligent search for it, and could not find it. This was a sufficient predicate upon which to admit his evidence of its contents.

Having determined that we must reverse the judgment in this case, we come to the consideration of the question of what judgment this court may enter. As the different causes of action were independent of each other, and there appearing no necessity for remanding this cause for another trial as to the "Cotton addition," or as to the money judgment, we will reverse the judgments of the District Court and the Court of Civil Appeals, and enter judgment as follows:

It is ordered, adjudged, and decreed, that Samuel Coit have and recover of the defendant, F. B. Cotton, the sum of twelve hundred and thirty-five and 10/100 ($1235.10) dollars, with 6 per cent interest per annum thereon, from the 26th day of April, 1894, for which the clerk of the District Court of El Paso County will issue execution. It is further ordered, adjudged, and decreed, that the right of Samuel Coit, as beneficiary in the trust, as to the following described tract of land, be established, to wit:

In the city of El Paso, El Paso County, Texas, about 550 acres, known as Burdett survey number two (2), section number one (1), patented to James W. Magoffin, assignee of N. W. Burdett, which land

is now otherwise known as "Cotton addition" to the city of El Paso, Texas.

That the right of the said Samuel Coit, hereby established, is, that he be entitled to all the rights and privileges, and subject to all the liabilities of W. G. Cotton, George H. Cotton, and E. B. Buckingham, it being an interest of three-fifths of two-thirds, in and to the above described lands, under the contract entered into on the 21st day of December, 1880, by Frank B. Cotton, for himself and his associates, and Noyes Rand and Richard W. Dorphley, and under and by virtue of the deed made to the said Frank B. Cotton to the land above described, as trustee for the said parties, the trust to be administered under said contract. It is further ordered, adjudged, and decreed, that the judgments of the District Court and the Court of Civil Appeals be reversed as to the eighty-seven sections of land known as the mineral lands, acquired under the contract of the 17th day of April, 1880, between Noyes Rand, Frances W. Abney, Richard W. Dorphley, P. B. Delaney, and Clarence B. Ehrman, parties of the first part, and Frank B. Cotton and his associates, parties of the second part; and that this cause be remanded to the District Court of El Paso County for further trial in accordance with this opinion, as to the last described lands. It is ordered, that the plaintiff in error, Frank B. Cotton, recover of the defendant in error, Samuel Coit, all costs of this court and of the Court of Civil Appeals.

*Reversed and rendered.*