## HOWE et al. v. KEYSTONE PIPE & SUPPLY CO., Limited, et al.  (No. 3858.)

(Supreme Court of Texas.  Dec. 16, 1925.)

1. Joint-stock companies and business trusts ☞19—Party adjudged lien against joint-stock companies could not have judgment reformed to have personal judgment against trustees and stockholders.

Where district court marshaled assets of joint-stock companies and directed distribution among creditors, creditor adjudged to have lien could not remit lien and secure reformation of judgment so as to receive personal judgment against trustees and stockholders, for that would disregard latter's right to have property of such companies exhausted before recourse is made to their individual liability for the deficiency.

2. Joint-stock companies and business trusts ☞19—Necessary for court to have all parties claiming share in assets of companies before it to marshal assets.

In order for court to properly marshal the assets of joint-stock companies, it was necessary for court to have before it all parties claiming a share in the distribution of their assets.

Error to Court of Civil Appeals of Second Supreme Judicial District.

On motion for rehearing.  Motion overruled.

For former opinion, see 274 S. W. 563.

GREENWOOD, J.  [1] By motion for rehearing, defendant in error Keystone Pipe & Supply Company offers to remit any lien in its favor enforced by the judgment of the district court, and thereupon prays for a reformation of the judgment heretofore entered so as to award to said defendant in error a personal judgment against J. P. Howe and H. C. Meier and the surety company on their supersedeas bond.  Consideration of the district court's judgment discloses that this cannot be done, without disregard of substantial rights of plaintiffs in error Howe and Meier.

The district court did not render a mere personal judgment in favor of the Keystone Pipe & Supply Company against Howe and Meier.  Instead, its judgment undertakes to marshal all assets of the New-Tex Refining

Company and of the New-Tex Pipe Line Company, in a considerable amount, and to direct the distribution thereof among secured and unsecured creditors. It is obvious that Howe and Meier have the valuable right to have the common property of the refining company applied to the payment of that company's debts, and to have the common property of the pipe line company applied to the payment of that company's debts. They should be made liable for the deficiency only from their individual estates. For, as declared by this court, through Chief Justice Stayton, in Wiggins v. Blackshear, 86 Tex. 668, 26 S. W. 940:

"As every partner is liable for the debts of his firm, and owns its property in common with the other partners, it is his right to have the common property applied to the payment of partnership debts; and all the other partners, without his consent, cannot take this right from him."

[2] In no event does the Keystone Pipe & Supply Company show itself entitled, on the facts disclosed by this record, to collect the full amount of its debt from plaintiffs in error individually or the surety on the supersedeas bond. It is necessary for the court below to have before it all parties claiming a share in the distribution of the assets of the two companies before it can properly marshal such assets. Interveners Frances Y. Brooks et al. are such claimants.

Having entered the only proper judgment on the original disposition of this case, the motion for rehearing is overruled.