### SHORE et al. v. CARL. (No. 2622.)

(Court of Civil Appeals of Texas. Amarillo.
March 3, 1926. Rehearing Denied
May 19, 1926.)

**1. Joint-stock companies and business trusts**
&copy;=15(1)—**Stockholders of joint-stock association in suit to foreclose vendor's lien based on conveyance in which association was beneficiary held liable as partners.**

Stockholders of joint-stock association, in action on vendor's lien notes and to foreclose vendor's lien, based on conveyance to one in trust for the stock association as beneficiary, *held* liable as partners; there being no evidence to show that association was not in legal effect a partnership.

**2. Joint-stock companies and business trusts**
&copy;=14—**Trust created in one to whom property was conveyed as trustee of association held merely passive, dry, or simple trust, where active management was in hands of board of trustees of association.**

Where, by articles of association, active management of sanitarium for conduct of which association was formed was in hands of its board of trustees, *held* that, as to one to whom land was conveyed as trustee for association with power of attorney incorporated in deed to enable trustee to convey property, trust was merely a passive, dry, or simple trust.

**3. Trusts &copy;=257.**

Generally, in suits involving title to trust property, beneficiary as well as trustee is necessary party.

**4. Judgment &copy;=707—Where joint-stock association as cestui que trust of trust property was not made party in suit to foreclose vendor's lien, judgment rendered would not be bar to suit by association instituted as legal entity to redeem property (Rev. St. 1925, arts. 2029, 6133–6137).**

Where joint-stock association was not made party in suit to foreclose vendor's lien on trust property, of which association was cestui que trust, *held* that, in view of Rev. St. 1925, arts. 2029, 6133–6137, judgment rendered would not be a bar to suit by association instituted as a legal entity, to redeem property from purchaser at sale made under an execution based on the judgment.

#### On Motion for Rehearing.

**5. Joint-stock companies and business trusts**
&copy;=23—**Withdrawal by stockholder of membership in joint-stock association does not dissolve association.**

Withdrawal of membership by stockholder of joint-stock association will not dissolve association, and its dissolution cannot be shown except by mutual consent of all members and appointment of trustees to wind up its affairs.

**6. Bills and notes &copy;=59—Persons not signing vendor's lien notes cannot be properly sued on them, even though they were made for their benefit (Rev. St. 1925, art 6133).**

Under Rev. St. 1925, art. 6133, defendants who did not sign vendor's lien notes cannot be properly sued on them, even though they were made partially for their benefit, since no one is chargeable on a note unless his name appears as a party to it in some relation.

**7. Joint-stock companies and business trusts**
&copy;=19—**Joint-stock association, as legal entity, held a necessary party to suit to foreclose vendor's lien on trust property, where association was named as beneficiary in deed (Rev. St. 1925, arts. 2029, 6133–6137).**

In suit on vendor's lien notes and to foreclose vendor's lien on trust property, *held*, that under Rev. St. 1925, arts. 6133–6137, joint-stock association, which was beneficiary under trust deed, is, as a legal entity, a necessary party to the suit.

Error from District Court, Deaf Smith County; Reese Tatum, Judge.

Action by C. H. Carl against O. M. Shore and others. Judgment for plaintiff, and defendants bring error. Reversed and remanded.

Carl Gilliland and W. H. Russell, both of Hereford, for plaintiffs in error.

F. P. Works, of Amarillo, for defendant in error.

HALL, C. J. Sixty-two parties, including the plaintiff in this suit, C. H. Carl, D. F. Ashbrook, and O. M. Shore, signed the following subscription agreement:

"Hereford, Tex., March, 1921.

"We, the undersigned, hereby associate ourselves together for the purpose of establishing a sanitarium in the town of Hereford, to be known as the Hereford Sanitarium.

"We hereby select and appoint George L. Muse as our trustee and agree to pay to the said Muse the several sums of money written opposite our names, upon demand; provided that as much as ($3,000.00) three thousand dollars is hereto subscribed.

"It being our desire, however, to raise more

---

than $3,000.00 at this time. It is our purpose when as much as $3,000.00 is subscribed to meet and organize and make and adopt and enter into additional contracts, agreements, rules, and regulations pertaining to this movement, and the future management and conduct of same.

"It is our further purpose as soon as said $3,000.00 is subscribed to purchase what is known as the Carl House, situated on lots 13, 14, 15, 16, 17 and 18, in block No. 32 in the town of Hereford, and to improve, rearrange and prepare said lots and the buildings thereon to be used for a sanitarium. Said sanitarium to be controlled by us, and to be open to the use of all physicians and surgeons."

Each of the 62 signers subscribed $100.

On March 7, 1921, C. H. Carl, the plaintiff in this suit, and the defendant in error here, entered into a written contract of sale of the lots described in the subscription agreement, with "George L. Muse, trustee, acting for the Hereford Sanitarium," by the terms of which Carl agreed to convey said lots by general warranty deed to Muse, "or some one to be named by the Hereford Sanitarium." The consideration expressed in the contract of sale is $8,000, payable as follows:

"$2,000.00 is to be paid in cash on the consummation of this contract, and 6 notes are to be executed for $1,000.00 each, payable in 1, 2, 3, 4, 5, and 6 years after date, bearing interest from date at the rate of 7 per cent. per annum. Said notes shall be executed either by the trustee or some other person to be designated by the Hereford Sanitarium, which shall create no personal liability on the part of the individuals signing them."

Then follows stipulations with reference to the furnishing of an abstract and its examination, the correction of objections, if any, and the consummation of the sale on or before April 4, 1921. These, with other provisions governing the delivery of possession providing that the notes shall retain a vendor's lien and be secured by a trust deed with power of sale, are not set out in full, as they have no bearing on the issues presented here. Then follows this stipulation:

"It is also understood and agreed that the first party for the consideration above mentioned shall also convey to the second party, or to the Hereford Sanitarium, the personal property described on the inventory attached hereto which includes the household and kitchen furniture, beds and bedding, sheets, pillowcases, blankets and quilts now on the premises, as well as all floor coverings."

On the 2d day of April, 1921, the plaintiff Carl and wife, by deed reciting the consideration as above agreed upon, conveyed the property to D. F. Ashbrook, "as trustee." The conveyance is in the usual form of a deed containing covenants of warranty and reserving the vendor's lien, but, in addition, contains these recitals:

"It being understood that the trustee is not and shall not be personally liable for the pay-

ment of said notes or either of them or any interest thereon, but that the same shall be secured by the vendor's lien on the hereinafter described lands as hereinafter provided and specified, have granted, sold and conveyed, and by these presents do grant, sell and convey unto the said D. F. Ashbrook, as trustee for the said Hereford Sanitarium, as beneficiary, for the use and benefit of the said Hereford Sanitarium, the following described lands."

The habendum and tenendum clause is to Ashbrook as trustee for the use and benefit of the said Hereford Sanitarium, its successors, assigns, and legal representatives. Then follows this recital:

"The said D. F. Ashbrook, as such trustee, is hereby given and granted the right, power and authority to at any time sell said premises or any part thereof at such price and on such terms as to him, the said D. F. Ashbrook, may seem best, and when said sale or sales are made, then the said D. F. Ashbrook is fully authorized and empowered to execute, acknowledge and deliver to the purchaser or purchasers thereof a deed of conveyance, with or without warranty, as he may deem best, and such sale or sales shall be valid, effective, conclusive and binding without the consent or joinder of the beneficiaries or either of them, and the purchaser or purchasers shall not be required to look to the application of the consideration or proceeds of the sale or sales to them. The power of sale contained herein is irrevocable and shall survive to the administrator or administrators, executor or executors of the said D. F. Ashbrook, trustee.

"The said trustee, as above provided, not being personally liable for the payment of said notes or either of them, or any interest thereon."

The six notes as provided in the contract of sale were executed on April 2, 1921, containing the usual acceleration clause, signed, "Hereford Sanitarium, by D. F. Ashbrook, trustee," and recite as follows:

"The said D. F. Ashbrook, as trustee, is not and shall not be held personally liable to pay said notes or any part thereof, or any interest thereon, said notes having been executed by him as trustee for the benefit of the said Sanitarium."

To each of the 62 subscribers there was afterwards issued a certificate of stock certifying that the holder is the owner of one share of the capital stock of the Hereford Sanitarium, a joint-stock association, transferable only on the books of the association.

In obedience to notices mailed to each of the subscribers, and which was also published in the local newspaper, 25 of the subscribers met at an appointed place on the 7th day of March, 1921, for the purpose, as disclosed by the minutes of the meeting, to perfect the organization of the association and the election of a board of directors. At this meeting D. F. Ashbrook, Homer Wilkinson, and H. F. Oberthier were elected directors, and D. F. Ashbrook was elected trus-

(284 S.W.)

tee. A committee of three was appointed at that meeting to prepare by-laws and to report its action to an adjourned meeting to be held on the 21st day of March thereafter. Said by-laws, amongst other provisions, to provide for an advisory board of five to be composed of two men and three women, and that the annual meeting of the association for the election of other directors to succeed the board then acting should thereafter be held on the second Monday of January of each year. The adjourned meeting to receive the report of the committee on by-laws met on March 21st with nine of the subscribers present, at which meeting the committee on by-laws reported and its report was adopted. Such articles of the by-laws as are material to the issues here discussed will be hereinafter referred to.

Upon default in the payment of any of the notes above referred to, or any installment of interest, the plaintiff Carl declared the entire series of notes due, and this suit was filed against all of the stockholders, alleging that they were partners composing a nontrading firm under the style of the Hereford Sanitarium.

The prayer is for foreclosure of the vendor's lien against all of the defendants for an accounting and settlement of the affairs of the association, for judgment against defendants for the amounts sued for, and for costs. Other parties claiming liens for labor and material were made parties to the suit.

The defendants answered by general demurrer, special exceptions, general denial, a verified plea denying partnership, and alleging that the Hereford Sanitarium was a joint-stock company in which the plaintiff was a stockholder. They set out the proceedings of the first meeting on March 7, 1921, and of the adjourned meeting on March 21, 1921. Declaration is made of the above-quoted recitals from the subscription contract, contract of sale, deed, and notes, with reference to the trusteeship of Ashbrook, and charge that the deed and recitations therein relieve Ashbrook and all other defendants from personal liability on said notes; that it was understood and agreed between plaintiff and the defendant Ashbrook, who was acting as trustee for his codefendant, that in case the said land was purchased from plaintiff that he would not hold any of the members of said Hereford Sanitarium personally liable on said notes or either of them, but that he would look solely to the land described in the deed for security and for the payment of said notes.

By supplemental petition, the plaintiff, Carl, alleged that prior to and at the time of the organization of the association, it was the desire of all parties to raise more than $3,000; that 63 names subscribing in the aggregate $6,300 were signed to the subscription agreement before the meeting of March 7th, which meeting was attended by only 26 subscribers, and that plaintiff attended only that meeting; that the only authority ever attempted to be conferred upon the trustees was specified in the by-laws which were adopted by only nine stockholders, including the three members constituting the board of directors and said trustee; that no further organization was ever effected, and nothing further done except the issuance of the certificates of stock; the entire affairs being handled in such way as to constitute the stockholders partners. It is further alleged that the deed and notes were prepared by Ashbrook or his attorney; that it was never intended that the recitals therein should relieve him from liability except as trustee, and that nothing was ever said or intended as to Ashbrook being placed in a better position than other members of the association; that such wording was a mutual mistake and was accomplished by the fraud and deceit of Ashbrook, and was in no sense binding on the plaintiff. He further alleges that the defendants had been receiving and appropriating the rents and income from the property without accounting to plaintiff therefor or for any part thereof, and that any alleged agreement that the property should furnish plaintiff's only security would have included the rents and incomes which amounted to $1,800 for the first year, none of which was ever turned over to him.

The case was submitted to a jury upon the following three special issues, all of which were answered in the negative:

(1) Did plaintiff, at the time of or prior to the execution of the deed and the notes, agree that the party signing the notes would not be held personally liable on same?

(2) Did the plaintiff, at the time of or prior to the execution of deed and notes, agree that plaintiffs in error should not be held personally liable on said notes, but that he would look solely to the property for payment of same?

(3) Did plaintiff agree to relieve the members of the Hereford Sanitarium from personal liability on the notes sued on?

Based upon this verdict, the court rendered judgment in favor of plaintiff, against all of the defendants for the full amount of the notes and foreclosing the vendor's lien.

[1] The first proposition complains of the failure of the court in refusing to direct the jury that none of the defendants were personally liable to plaintiff on the notes sued on; and under the second proposition, it is insisted that where a number of defendants are sued as partners, and the allegation of partnership is denied under oath, it is error for the court to render judgment against the defendants where the evidence showed that they were not partners but stockholders in a joint-stock association. These contentions will be considered together. It will not be necessary to determine whether

under the record before us the association is a joint-stock company or a joint adventure, because in either event the defendants would be liable as partners to third parties who sued each of the creditors of the association. There is nothing in any of the instruments referred to above which tends in any way to show that the Hereford Sanitarium was not, in legal effect, a partnership under the rule announced by the Supreme Court in the following cases: Thompson v. Schmitt, 274 S. W. 554; Victor Refining Co. v. City National Bank of Commerce, 274 S. W. 561; Hollister v. McCamey, 274 S. W. 562; Howe v. Keystone Pipe & Supply Co., 274 S. W. 563.

In entering the judgment the court took into consideration the fact that plaintiff, Carl, owned a ⅓ interest in the property and rendered judgment against the defendants for an amount equal to ⁶⁄₃ of the indebtedness sued for. Under the doctrine announced in the above-cited cases, we think it is clear that the defendants, except Ashbrook, were liable as partners, unless they were relieved from liability by their alleged agreement with Carl that he should look alone to the property in question for his security and for the payment of his indebtedness, and this issue has been decided against them by the finding of the jury. The jury having also found that Carl did not agree that Ashbrook would not be held personally liable upon the notes, the judgment was properly entered against him as one of the partners upon the presumed finding by the court that the recitals in the deed and note, purporting to relieve him from personal liability, were inserted by him through mistake or in fraud of plaintiff. This issue was not submitted to the jury.

[2] The power of attorney was incorporated in the deed for the purpose of enabling Ashbrook or his legal representatives therein designated to execute a valid conveyance of the property if it should ever be sold voluntarily, and, manifestly, is of no importance and has no controlling influence where the sale is to be made under judicial decree. Since by the terms of the articles of association the active management of the sanitarium was to be in the hands of its board of trustees, acting with the advisory council composed of two men and three women, the trust is as to Ashbrook merely a passive, dry, or simple trust, as it is variously termed, without any power of control upon his part. Southern Pine Lumber Co. v. Arnold (Tex. Civ. App.) 139 S. W. 917; 39 Cyc. 30; 26 R. C. L. 1173; 3 Bouvier's Law Dictionary, 3329. In other words, he is donee of the particular power limited by the express terms of the deed itself. 21 R. C. L. 771–773.

[3] What has been said disposes of all the appellants' propositions; nevertheless, the judgment must be reversed for fundamental error on the part of the plaintiff in failing to make the Hereford Sanitarium a party to the suit. The conveyance is to Ashbrook as "trustee for the Hereford Sanitarium," the beneficiary. The general rule is that in suits involving the title to trust property, the beneficiary, as well as the trustee, is a necessary party. Milmo National Bank v. Cobbs, 53 Tex. Civ. App. 1, 115 S. W. 345; Cotton v. Coit, 88 Tex. 414, 31 S. W. 1061; Ebell v. Bursinger, 70 Tex. 120, 8 S. W. 77. There are numerous exceptions to this rule, but this case does not fall within any of them. The doctrine of virtual representation has no application, for the reason that Carl occupies a dual relationship to the association, the one independent of the other, viz., first as a stockholder, and second as creditor. It is in the latter capacity that he brings this suit; and the case is, therefore, distinguishable from Bingham v. Graham (Tex. Civ. App.) 220 S. W. 105, and the cases therein cited. It is true that so far as the record discloses, all the stockholders have been made parties, and while they have such interest in the property in suit as may be represented by their certificates of stock, the Hereford Sanitarium, as a joint-stock association, is the named beneficiary in the deed. The statutes of Texas clearly contemplate that joint-stock associations as such, rather than the individual stockholders, shall be made parties. It is provided by art. 2029, Rev. St. 1925, that in suits against joint-stock associations the citation shall be served on either of certain officials or agents of the association. Article 6133 provides that a joint-stock association may sue or be sued in its distinguishing name, and that it shall not be necessary to make the individual stockholders parties to the suit. Article 6134 names the officers upon whom citation may be served. Article 6135 provides that judgments rendered in suits against the association shall be as conclusive upon the stockholders as if they had been individually made parties to the suit; and article 6136 provides that where the association alone is made a party by service upon its named officials or agents, the judgment shall be binding on the joint property, but not upon the property of the individual stockholders, and that such judgment will not authorize execution against them; and it is especially provided by article 6137 that even though the association and the individual stockholders have all been made parties, no execution shall issue against the individual property of the stockholders until execution has first been issued against the joint property and returned unsatisfied. The only reasonable inference from these statutes is that a joint-stock association, as such, is, within the intent of the Legislature, a legal entity, at least, for the purpose of suing or being sued; and it follows that it must have been made a party before execution can be issued against the property held by the association. Bingham

v. Graham, supra; Graham v. Omar Gasoline Co. (Tex. Civ. App.) 253 S. W. 896; Wichita Lumber Co. v. Maer (Tex. Civ. App.) 235 S. W. 990; Crow v. Cattlemen's Trust Co. (Tex. Civ. App.) 198 S. W. 1047.

[4] The general rule being that a cestui que trust is a necessary party to a suit of this character, it follows that the judgment rendered in this case would not be a bar to a suit by the sanitarium instituted as a legal entity, under the authority of the above-mentioned statutes, to redeem the property from a purchaser at a sale made under an execution based upon the judgment.

For the reasons stated, the judgment is reversed, and the cause is remanded.

## On Motion for Rehearing.

The impertinent motion for rehearing filed in this case will be discussed, not because of its merit, for it has none, but because it contains many assertions which are unjust, untrue, and dehors the record. Batson-Milholme Co. v. Faulk, 109 Tex. 480, 211 S. W. 972; Walls v. Cruse (Tex. Civ. App.) 217 S. W. 240; Millers' Indemnity Underwriters v. Lane (Tex. Civ. App.) 241 S. W. 1086; Kansas City M. & O. Ry. Co. v. Whittington & Sweeney (Tex. Civ. App.) 153 S. W. 689.

It is first insisted that the court erred in holding that the Hereford Sanitarium, as a joint-stock association, is a necessary party to the suit and is not before the court, and in reversing the judgment after having correctly held that the Hereford Sanitarium was, in legal effect, a partnership and the members thereof were liable as partners. It is clear from the record that the defendant in error's counsel have pleaded, tried, and briefed this case while laboring under the mistaken impression that if the Hereford Sanitarium should prove to be a joint-stock association instead of a "nontrading partnership," that the defendants, as stockholders, would not be liable as partners, when the statute cited, the original opinion, and every case referred to says that they would be so held. The original petition charges that the property was conveyed "to the defendants by, through, and in the name of the Hereford Sanitarium, and for their benefit as a firm and partnership doing business and operating said sanitarium under the firm name and style of the Hereford Sanitarium. * * * That the defendants designated the said Hereford Sanitarium as a joint-stock association, and issued what they designated as certificates of stock to each of said defendants. * * * But plaintiff specially shows that each and all of said defendants were, in truth and in fact, partners, and that their association, organization, purchase, control, authority, management of the business and partnership under the designation of the Hereford Sanitarium was, in reality, as a firm and partnership, rendering each and

all of said defendants liable to plaintiff on said notes, although the same were signed only by said Ashbrook, as trustee for the said Hereford Sanitarium, being designated in said deed as beneficiary and as grantee in said deed, and that said conveyance was made for the use and benefit of said sanitarium."

It is further alleged that certificates of stock representing one share of the capital stock of the said Hereford Sanitarium as a joint-stock association was issued to Carl, the defendant in error, and in this connection he alleges that being under the necessity of bringing suit to foreclose the lien, he gave written notice of his withdrawal from the enterprise and of his purpose to have the partnership dissolved in so far as affected his interest. He alleges that certain personal property, consisting of furniture in the house which was sold to the sanitarium, had been sold to Deaf Smith county, and that he seeks to have the proceeds thereof applied to the discharge and payment of his notes. Notwithstanding repeated denials of the existence of the association as a joint-stock association, they set out in their supplemental petition the terms of the agreement and subscription contract, and alleged that a number of the subscribers held a meeting on March 7, 1921, for the purpose of organizing the association by the election of a board of directors for the purpose of organizing a joint-stock company; that a president and board of directors for the association were elected at said meeting; that a committee was appointed to prepare a set of by-laws and report their action to an adjourned meeting on March 21st; that the committee on by-laws reported on March 21st, and that the by-laws were then adopted as the rules under which the Hereford Sanitarium should be conducted; that thereafter, in pursuance of the by-laws, officers were elected, the capital stock was divided into 100 shares of the par value of $100 each, and that plaintiff accepted and paid for one of these shares; that 62 other shares were issued to each of the stockholders which are made defendants to this suit; that thereafter, on the 2d day of April, the deed was made to Ashbrook, as trustee for the use and benefit of the Hereford Sanitarium, and that the notes sued on were issued by Ashbrook, as trustee, in part payment for the house and furniture upon which a lien is sought to be foreclosed by this suit.

Carl was examined at great length by his attorney in an effort to show that no joint-stock association had been formed, notwithstanding the foregoing allegations in his pleadings.

The statutes of Texas make no express provisions with reference to the formation of a joint-stock company. The common-law rule is:

"If associates hold a meeting, agree on the name of the association, adopt articles of as-

sociation or a constitution and by-laws, appoint officers, and conduct business for a considerable length of time as an association, the organization of the company is sufficient." 33 C. J. 881.

[5] During the introduction of the evidence, counsel endeavored to show that the association had been dissolved, evidently proceeding upon the theory that Carl's attempt to withdraw his membership would dissolve it under the principle of delectus personæ. This, of course, would not dissolve the association, and its dissolution could not be shown except by mutual consent of all the members and the appointment of trustees to wind up its affairs. 33 C. J. 882. The plaintiff. not only pleaded, but proved, the organization and existence of a joint-stock association which, so far as the record shows, was still functioning at the time of the trial.

In the motion it is asserted that—

"The liability of the plaintiffs in error on the obligations sued on herein being shown to be joint and several and as partners, and all the members of the said Hereford Sanitarium, including those designated as officers, directors, and trustees, being parties hereto, and having answered, this court erred in holding that said Hereford Sanitarium, as a supposed joint-stock association, as such association, was a necessary party not sufficiently before the court, etc."

[6, 7] A full and sufficient answer to the statement that "the obligations sued on have been shown to be joint and several" is that it is incorrect both in fact and in law. The fact is, as alleged by Carl, that the notes sued on are signed, "Hereford Sanitarium, by D. F. Ashbrook, Trustee," and no other defendant ever signed them or either of them. The law is that the defendants who did not sign them cannot be properly sued on them, even though they were made partially for their benefit; because no one is chargeable on a note unless his name appears as a party to it in some relation. Unless they actually signed it, they are not necessary parties to the suit, either under the common law or the Texas statutes. Adams v. First National Bank of Waco (Tex. Civ. App.) 178 S. W. 993; Moore v. Belt (Tex. Civ. App.) 206 S. W. 225; R. S. 1925, art. 6133. The liability of the stockholders, if any, is not on the notes, but is incidental, and arises from the fact that they are stockholders in the association and liable as partners, and the original opinion so holds; but this is foreign to the question of whether the joint-stock association, as a legal entity, is a necessary party to this suit. R. S. 1925, art. 2029, is as follows:

"*Against Corporations and Joint-Stock Associations.*—In suits against any incorporated company or joint-stock association, the citation may be served on the president, secretary or treasurer of such company or association, or upon the local agent of such company or association in the county where suit is brought, or by leaving a copy of the same at the principal office of the company during office hours. If neither the president, secretary or treasurer reside in the county, * * * then the citation may be served upon any agent representing such company or association in the state."

The intention of the Legislature clearly expressed by this article is to give a joint-stock association, when a defendant in an action, the same legal status and entity for the purpose of being made a party to the suit, as the law recognizes if a corporation was being sued. It is true that we have found no case in Texas or in any other jurisdiction under such a statute which so holds, for the obvious reason that all lawyers who have heretofore sued joint-stock associations have made the association, as such, a party defendant.

R. S. 1925, art. 6134, adds emphasis to the former statute by saying:

"In suits against such companies or associations, service of citation may be had on the president, secretary, treasurer or general agent of such unincorporated companies."

This provision also clearly implies that the association as an entity shall be made a party.

Article 6135 is:

"In suits by or against such unincorporated companies, whatever judgment shall be rendered ,shall be as conclusive on the individual stockholders and members thereof as if they were individually parties to such suits."

And article 6136 provides that where the suit is brought against the company, and only the president, secretary, treasurer, or general agent is served with process, a judgment against the association shall be binding on the joint property of all the stockholders or members thereof, and further expressly provides that it "may be enforced by execution against the joint property; but such judgment shall not be binding on the individual property of the stockholders or members, nor authorize execution against it."

Article 6137 conclusively sustains our holding to the effect that the association, as an entity, is a necessary party to this suit. It provides:

"In a suit against such company or association, in addition to service on the president, secretary, treasurer or general agent of such companies or associations, service of citation may also be had on any and all of the stockholders or members of such companies or associations; and, in the event judgment shall be against such unincorporated company or association, it shall be equally binding upon the individual property of the stockholders or members so served, and executions may issue against the property of the individual stockholders or members, as well as against the joint property; but executions shall not issue against the individual property of the stockholders or members until execution against the

joint property has been returned without satisfaction."

The last clause of this article is conclusive of the question under consideration. The statute clearly contemplates that the property of the association shall be exhausted before the plaintiff in judgment will be allowed to proceed against the property of the stockholders, and the Supreme Court has expressly so held in construing this statute, since the original opinion was handed down. Howe et al. v. Keystone Pipe & Supply Co., Ltd., 278 S. W. 177. How could execution issue against the Hereford Sanitarium and its property unless it had been made a party to the suit? If Carl should issue an execution upon the judgment in its present form, an injunction to restrain the sheriff from executing the writ could be successfully maintained. The association's property could not be sold because it was not a party defendant to the suit. The individual property of the stockholders could not be sold because the statute expressly prohibits such a proceeding until execution against the joint property had been returned without satisfaction. These articles of the statute, together with the authorities cited in the original opinion, clearly show that the Hereford Sanitarium is a legal entity for the purpose of suing and being sued, and not "a mystical bugaboo." Moreover, the Hereford Sanitarium, as beneficiary of the trust, and so designated in the deed, is a necessary party defendant, and is so held by the authorities cited in the original opinion, and we have found nothing, and counsel for movant has cited no authority, to the contrary. This court has not "hunted for an error upon which it could predicate a reversal of the judgment." The failure to make a necessary party defendant is a flagrant error glaringly apparent upon the face of the record, and is so fundamental that appellate courts are required to take notice of it.

It is asserted in the motion that the "minutes of the first or organizing meeting of March 7, 1921, said nothing about this concern being a joint-stock association. The first time that joint-stock association gets into the record is by these so-called certificates dated October 31, 1921." It is true that the words "joint-stock association" were not used at the first meeting, but plaintiff's evidence showed that a joint-stock association, and nothing else, resulted from that meeting. It is ordinarily not necessary to write the words, "this is a horse," under a perfect picture of that animal. With a subscription contract, a set of by-laws, the election of officers, the issuance of stock in pursuance of the' by-laws, subsequent meetings of the directors and members, functioning as a joint-stock association, what else is necessary to show it character? The motion says:

"As we understand the opinion of this court, defendant in error is compelled to allege what he knows to be untrue as to the Hereford Sanitarium being a joint-stock association in order to make it a party as such association. * * * And it is beyond our thinking that we should be required to allege the existence of something that does not exist in order to make this supposed nonexisting being a party, thereby weakening our position before the court and jury that the concern is a partnership before we can have any relief in the courts of this country."

This court is not responsible for the limited extent of the "thinking" of the plaintiff's counsel, but we are responsible to the extent that a valid judgment shall be entered in this case. It is our duty to see that all necessary parties to a suit are before the court, before a judgment is rendered which affects the property rights of a necessary party defendant who has not been given an opportunity to be heard. It is further our duty to protect, not only the interests of the stockholders who, under the statute, should not be made liable until the joint property of the association has been exhausted; but we also feel that the interest of the unfortunate client whose lawyer filed this suit and this motion demands that this judgment should be reversed in order that he may have an opportunity of collecting his money out of the joint property, which is shown to be the house and lot and the furniture and other personal property, consisting of hospital equipment, and that it may be first sold, for that purpose. Isolated sentences from the opinions rendered by present and former members of this court are quoted in support of the proposition that this court is "willing to play tweedledee and tweedledum, and disregard every reason and full consideration in determining when the court has sufficient parties before it."

There is not a syllable in either of the cases quoted from, when read with its context, which is inconsistent with the holding that the joint-stock association is a necessary party to this suit. That question was not considered in either of the cases quoted from, because it was not presented, and we will be considerate enough to say that the unjust charge made in the motion is attributable alone to the inability of the attorney, who filed the motion, to "think beyond" the propositions he has urged.

For the reasons here stated, and based upon the authorities and principles announced in the original opinion, the motion is overruled.