**CARL v. SHORE et al.   (No. 902–4656.)**

Commission of Appeals of Texas, Section A.
Nov. 30, 1927.

1. **Joint-stock companies and business trusts**
⟜19—In suit against members of unincorporated joint-stock association, such association by its distinguishing name is proper, but not necessary, party (Rev. St. 1925, arts. 6133–6138).

Where suit was brought by one member of an unincorporated joint-stock association against all other members, and the association was not joined by its distinguishing name, holding that association by its distinguishing name was necessary party under Rev. St. 1925, arts. 6133–6137, providing that association may sue or be sued in company or distinguishing name, was error by virtue of article 6138, which provides articles 6133–6137 are cumulative of other existing remedies, making such association proper, but not necessary, party.

2. **Joint-stock companies and business trusts**
⟜19—Judgment by one member of unincorporated joint-stock association against other members should be apportioned among members, not rendered in lump sum.

Where one member of unincorporated joint-stock association who sold land to the association recovered judgment against 61 other members in a stated amount, after deducting share he would contribute, such judgment was erroneous, as judgment should have been rendered against each of defendants for his portion separately, with directions to credit one sixty-second of amount realized from assets of association, less costs, since member is liable to one not member for full debt owing by association, but to member only for portion of debt represented by proportionate interest in association.

3. **Joint-stock companies and business trusts**
⟜15(1)—Liability of solvent members of unincorporated joint-stock association is proportionately increased by insolvency of member.

Where member of unincorporated joint-stock association is insolvent, liability of remaining members is proportionately increased, but insolvent member remains liable for contribution.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

Suit by C. H. Carl against O. M. Shore and others to recover on notes. Judgment for plaintiff was reversed by the Court of Civil Appeals (284 S. W. 289), and he brings error. Reversed, and judgment of the district court reformed and affirmed.

F. P. Works, of Amarillo, for plaintiff in error.

Carl Gilliland and W. H. Russell, both of Hereford, for defendants in error.

CRITZ, J. "The plaintiff in error, C. H. Carl, and the 61 defendants in error herein, formed and organized an unincorporated joint-stock association and partnership under the name of the Hereford Sanitarium for the purpose of conducting a sanitarium in the town of Hereford, Deaf Smith county, Tex., each having an equal interest therein. On April 2, 1921, the plaintiff in error, Carl, executed a deed to D. F. Ashbrook, one of defendants in error, and a member of said association and partnership, as trustee, for the use and benefit of the Hereford Sanitarium, conveying all of lots 13, 14, 15, 16, 17, and 18, in block 32 in the town of Hereford. In consideration for this conveyance, the Hereford Sanitarium paid $2,000 cash, and Ashbrook, as trustee, for and in behalf of the Hereford Sanitarium, executed 6 promissory notes in the principal sum of $1,000 each, payable to Carl or order, bearing interest from date (April 2, 1921) at the rate of 7 per cent. per annum, providing for 10 per cent. attorney's fees if not paid at maturity, and placed in the hands of an attorney·for collection or collected by suit, and retaining a vendor's lien on said lots to secure their payment.

"This suit was instituted by Carl against all other members of said association and partnership to recover the amount of said notes, including interest and attorney's fees, and to foreclose the vendor's lien on said property. Issue having been joined, the district court on trial, on the 26th day of May, 1925, found that plaintiff in error, Carl, should recover judgment against defendants in error for the full amount of the notes, including interest and attorney's fees, amounting to $8,711.34, but rendered judgment against defendants in error for the sum of $8,573.07, same being the former amount, less one sixty-second portion thereof, which was 'deducted and charged against' plaintiff in error 'on account of this one sixty-second interest in and liability for the debts of the old Hereford Sanitarium,' and foreclosing vendor's lien.

"On appeal by the 61 defendants in error, the Court of Civil Appeals reversed this judgment and remanded the cause, holding that the unincorporated joint-stock association, the Hereford Sanitarium, was in its distinguishing name a necessary party to this suit, and that no judgment could be rendered foreclosing the lien on the property of said unincorporated joint-stock association without making said association a party in the distinguishing name, as provided in articles 6133 to 6137 inclusive, R. C. S. 1925. 284 S. W. 289.

[1] "While these articles provide that unincorporated joint-stock companies and associations may sue or be sued in their company or distinguishing names without the necessity of making the individual stockholders or members parties, article 6138 provides

that these provisions 'shall not affect nor impair the right allowed unincorporated joint-stock companies and associations to sue in the individual names of the stockholders and members, nor the right of any person to sue the individual stockholders or members; but, the provisions of this chapter shall be construed as cumulative merely of other remedies now existing under the law.' Prior to, and at the time of, this enactment, execution could be issued against the property of an unincorporated joint-stock association on a judgment rendered in a suit against the members of such association, and by the express provisions of article 6138, the provisions of articles 6133 to 6137 inclusive do not 'affect nor impair the right' to this remedy. The effect of these articles of our statute was to make the Hereford Sanitarium, in its distinguishing name, a proper, but not a necessary, party.

[2] "However, the judgment rendered by the district court is erroneous. Having determined that the full amount due and owing by the association on the six notes, including interest and attorney's fees, was $8,711.34, the court should have decreed and directed that on sale the amount realized for the property on which lien was foreclosed, less costs, should be applied to the payment of said amount found to be due and owing by the association on said notes. Judgment should not have been rendered against the defendants in error for the sum of $8,570.84, but should have been rendered against each of said defendants in error for the sum of $140.50, same being one sixty-second of said sum of $8,711.34, with direction that one sixty-second of the amount realized by the sale of the property upon which lien was foreclosed, together with that realized by sale of other property belonging to the association, less costs, be credited on the amount of recovery against each of said defendants in error, and that plaintiff in error have his execution against each of defendants in error for the unpaid balance, if any, of the recovery against each of said defendants in error. The liability of partners to each other for the debts owing by the partnership is different from their liability to those not partners. While each partner is liable to one not a partner for the full amount of the debt owing by the partnership, his liability to a partner is only for that portion of the debt represented by his proportionate interest in the partnership. 30 Cyc. p. 452."

[3] However, if any partner who is liable to contribution in favor of another partner is insolvent, the liability of the remaining partners will be proportionately increased; but the insolvent partner will remain liable for contribution to those paying, and may be compelled to pay them if he thereafter becomes able. Chalk v. Collier (Tex. Civ. App.) 208 S. W. 972.

"We therefore recommend that the judgment of the Court of Civil Appeals be reversed, and that of the district court be so reformed as to decree that the amount due and owing by the Hereford Sanitarium on said notes, and for which said Hereford Sanitarium is liable on the date of said judgment, is the sum of $8,711.34, with interest at the rate of 7 per cent. per annum from date of judgment; that plaintiff in error recover of and from each of the defendants in error the sum of $140.50, same being one sixty-second of said sum of $8,711.34, with interest from date of judgment at the rate of 7 per cent. per annum; that the vendor's lien be foreclosed on the property involved in this suit, and same be sold, and the proceeds, less amount of costs, be applied to the payment of said sum of $8,711.34, and interest due thereon; that, if the proceeds of said sale shall not be sufficient to satisfy and pay said sum of $8,711.34, together with interest thereon and costs, execution issue against defendants in error directing that other property, if any, belonging to the Hereford Sanitarium be first levied on and sold, and the proceeds of sale applied to the payment of said sum of $8,711.34, together with interest and costs; and that one sixty-second of the amount realized by the sale of property belonging to the Hereford Sanitarium, less costs, be credited on the amount of recovery against each of said defendants in error."

We further recommend that the judgment be so entered that, if the judgment against any of said defendants cannot be made under execution that the liability of the plaintiff and the remaining defendants shall be proportionately increased, so that all solvent partners, plaintiff and defendants, shall bear their proportionate part of the liability under said judgment, and in the event that any insolvent partner shall thereafter become able, he shall remain liable for contribution to those paying, and shall be compelled to pay them should he become able as aforesaid.

After having been so reformed, we recommend that the judgment of the district court be affirmed.

The part of the above opinion inclosed in quotations was written by Judge BISHOP prior to his retirement.

CURETON, C. J. Judgment of the Court of Civil Appeals reversed, and that of the district court reformed, and affirmed as recommended by the Commission of Appeals.