### FANNIE A. BOYD v. MORRIS JACOBS.

#### No. 222.

1. **Principal—Agent.**—When an agent sells property to his principal for a certain sum of money due his principal by him, and does not inform the principal of the true value and all the facts pertaining thereto, the sale is voidable, and can be set aside at the option of the principal. Nothing will defeat the principal's right to rescind the sale, except his own confirmation, after full knowledge of all the facts.

2. **Same—Ratification.**—If the principal so elects, he may ratify the acts of his agent in conveying the property to him, but such ratification must be made upon a full knowledge of every material fact; and in case of suit to set aside the sale, it is incumbent on the agent to show a ratification of his acts by the principal, with full knowledge of the facts.

3. **Equitable Lien.**—Where an agent conveys land to his principal, for money expended by him, without giving his principal notice of all the facts, and the principal afterwards sues to cancel the deed and recover the money and interest, he has an equitable lien on the land conveyed, which should be enforced.

APPEAL from Bexar. Tried below before Hon. W. W. KING.

*McLeary & Fleming*, for appellant.—1. An agent authorized to purchase property for another can not be both seller and buyer. Shannon v. Marmaduke, 14 Texas, 217; People v. Township Board, 11 Mich., 222; Tisdale v. Tisdale, 2 Sneed (Tenn.), 576; Gardner v. Ogden, 22 N. Y., 328; Toussig v. Hart, 58 N. Y., 428; Mech. on Agency, secs. 454–462.

2. The principal who undertakes to ratify an act of an agent must do so with full knowledge of all the material circumstances surrounding the transaction. Bank v. Jones, 18 Texas, 811; Mech. on Agency, sec. 129; Vincent v. Rather, 31 Texas, 77; 1 Am. and Eng. Encyc. of Law, 432.

*W. A. Day*, also for appellant, filed an ably written argument, and cited the following authorities: Michaud et al. v. Girod, 4 How. (U. S.), 556; Lumber Co. v. Carroll, 76 Texas, 135; Pridgen v. Adkins, 25 Texas, 388; Workman v. Greening, 115 Ill., 479.

*C. K. Bremman*, *J. L. Peeler*, and *J. W. Brady*, for appellee.—1. A trustee may sell to his cestui que trust, but there must be the utmost fairness in the transaction; no fraud, no advantage, and no imposition on the part of the trustee. Perry on Trusts, sec. 428; Marshall v. Stevens, 47 Am. Dec., 601; Newcomb v. Brooks, 16 W. Va., 61; Buell v. Buckingham, 16 Iowa, 284; Morse v. Royal, 12 Ves., 355.

2. Acquiescence by the principal, or acts amounting to ratification, are binding upon him if made with a full knowledge of the facts, or with the opportunity to have discovered them with the use of reasonable diligence.

JAMES, CHIEF JUSTICE.—Appellant brought this suit to recover of appellee the sum of $2650, and interest thereon at 8 per cent per annum from September 29, 1886. The allegations were, in substance, that in August, 1885, plaintiff, whose husband had just died, placed all of her capital of $8000 in cash, derived from insurance, etc., in defendant's hands, to be invested by him for her use and benefit on

interest at 8 per cent per annum, and that the sum sued for is the balance of said sum yet due from defendant to plaintiff. That she was ignorant of business affairs, and left the above, being all her property, under the control and management of defendant, as her agent, having implicit confidence in him. That on September 29, 1886, defendant made her a deed of an undivided half-interest in a house and lot in the town of Brackett, Texas, in which defendant was himself the grantor; that said property was purchased for plaintiff by the defendant from himself, without her knowledge or consent, and that the defendant, then acting as her trustee and agent, and for his own advantage, conveyed this property to her in lieu of $2650 of the money so left in his hands. She alleges that she had left Brackett in 1885, and has never seen the property and knew nothing of the value, location, or kind of property it was, except through the representation of the defendant, and that he represented that it would pay an annual revenue of at least 8 per cent per annum on the capital invested, and that he thus conveyed to her property for $2650 of her money not worth over $1000, and which has no market value. Plaintiff prays for judgment for the sum of $2650 and interest as aforesaid, and asks that the deed be treated as a mortgage lien, and the same foreclosed.

Defendant admitted, by his answer, that he conveyed the property to plaintiff in consideration of the sum of $2650; that plaintiff accepted the deed and fully acquiesced and concurred in the conveyance, and that since its execution to her she has managed and treated the property as her own, and exercised all acts of ownership in respect thereto, and that at the time of the conveyance the property was fully worth $2650, and has since been and now is fully worth that amount, and that the revenues received by plaintiff from said property, over and above insurance, taxes, and other expenses, have exceeded the sum of 8 per cent upon the investment.

Judgment was for the defendant.

The record in this case leaves no doubt concerning the fact that the plaintiff accepted the deed made to her by Jacobs, with knowledge that it was a conveyance from Jacobs, her agent for the investment of her moneys, to herself, in satisfaction of the sum of $2650 of her money in his hands, and that from the time of the delivery of the deed, sometime in 1887, she understood and regarded it as her property. It is equally clear from the testimony that she never saw the property, and that she has been absent from the State since she left Brackett, in 1885, and that the relation between these parties was that of principal and agent.

The rule governing this case is stated in 2 Pomeroy's Equity Jurisprudence, section 959: "Equity regards and treats this relation in the same general manner, and with nearly the same strictness, as that of trustee and beneficiary. The underlying thought is, that an agent

should not unite his personal and his representative characters in the same transaction; and equity will not permit him to be exposed to the temptation, or brought into a situation where his own personal interests conflict with those of his principal, and with the duties he owes his principal. In dealings without the intervention of his principal, if an agent, for the purpose of selling property of the principal, purchases it himself, or an agent for the purpose of buying property for the principal buys it from himself, either directly or through the instrumentality of a third person, the sale or purchase is voidable; it will always be set aside at the option of the principal; the amount of consideration, the absence of undue advantage, and other similar features are wholly immaterial; nothing will defeat the principal's right for remedy except his own confirmation after full knowledge of all the facts."

There is no substantial difference between the case of a fiduciary purchasing for trust property and investing trust moneys in property belonging to himself. In either case the transaction is subject to be set aside by the beneficiary or principal, or if the principal so elects he may adopt and ratify it, but such adoption or ratification must be done with knowledge of every material fact. The argument of counsel that such a transaction is void and not susceptible of ratification is not supported by the weight of authority. See also Bigelow on Fraud, 322, and cases hereinafter referred to.

There is no necessity that a fraudulent or wrongful intent should appear in such cases. The relation of the parties alone, if the transaction was not participated in by the principal or beneficiary, will make it voidable at the suit of the latter. The law imputes fraud in such cases from the mere relationship, and it is incumbent upon the agent or trustee, in a suit brought to set aside the transaction, to show a ratification of his act made with full knowledge. 2 Pom. Eq., sec. 958. The following cases support the above views as applicable to this case: Friesenbahn v. Bushnell, 50 N. W. Rep., 597; Sterling v. Smith, 32 Pac. Rep., 320; Pridgen v. Atkins, 25 Texas, 394.

The character of the transaction before us makes the value of the property conveyed by defendant to plaintiff a material fact. He was accounting to her for $2650 of her funds in his hands as agent by a deed to the property. The evidence in this record fails to show the value of the property at the time of its conveyance to plaintiff to be in excess of $1900, and there is testimony that it was less, and that it has been declining since that time. There is no evidence that plaintiff was ever informed that the value was less than the amount she was charged for it. Mr. Jacobs testifies, that shortly after he sent her the deed he saw plaintiff in New York and explained the whole matter to her, and she seemed to be satisfied with it. It is evident, however,

that he did not on this occasion or at any other time explain to her its true condition as to value, because in letters to her afterwards he represents it to her as worth more than what it had cost her, and there is no evidence that we can find which indicates that she accepted the investment with knowledge of its deficient value. Upon this evidence we are of opinion that her attitude to the property did not involve a ratification, and that judgment should not have been rendered in favor of the defendant.

. It appears that defendant made the deed without plaintiff's knowledge, in September, 1886, and kept it until sometime early in 1887, when he sent it to her, and that up to January 1, 1888, he accounted to her for interest, and afterwards his statements deal with this property as hers, and he accounts for rents. It is contended by appellant's counsel that, the deed having been made in September, 1886, and Jacobs having accounted for interest on the sum represented by the consideration for several months afterwards, he treated the deed as security for the money, and it should therefore be held to be a mortgage, on the principle of "once a mortgage always a mortgage." It is a sufficient answer to this to say, the deed had no effect whatever until its delivery, and the evidence discloses the fact to be that he did not account for interest on said sum after the deed had been delivered, and his acts and plaintiff's acts sufficiently show that both understood it as a conveyance. If it is to be pronounced anything else, it must be due to her right, under all the evidence, to set aside the deed as a conveyance for want of a ratification of the unauthorized act of her agent, the grantor.

It is not in our power upon the pleadings and evidence before us to render a judgment. The plaintiff asked for interest at 8 per cent, and her testimony is, that since January, 1887, she has received 5 per cent on the sum sued for, and defendant's testimony is, that the property has netted her over 8 per cent per annum. The court appear to have determined that Mrs. Boyd's acts amounted to a ratification, and therefore did not pass upon the amount that she would have been entitled to on a different solution of the case.

The amount is capable of determination, but not from the facts before us. The pleadings of plaintiff ask, that any sum deemed to be due plaintiff be declared a lien on the property, and it is our opinion that she would, in the event of a recovery, be entitled to such equitable lien. The evidence leaves no doubt that the consideration of the deed was of her funds in defendant's hands. This is not disputed. In the absence of a binding ratification of the investment, she has the right to hold the property, or to have a personal judgment against defendant with enforcement of lien against the property to secure its payment.

This would be especially proper when the evidence indicates defendant's inability to pay the personal judgment. 2 Jones on Liens, secs. 1179–1181; Daniel v. Bridges, 73 Texas, 148.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*

Delivered April —, 1894.