J. P. HOWE ET AL. V. KEYSTONE PIPE & SUPPLY COMPANY, LIMITED, ET AL.

No. 3858.     Decided June 24, December 16, 1925.

(274 S. W., 563, 278 S. W., 177.)

**1.—Partnership—Trust—Case Followed.**

Sharers in profits of a business are personally liable as partners therein on contracts made by the company through those to whom its entire management was committed, though they are described as trustees, and though the interest of such partners is that of mere holders of stock in an unincorporated enterprise. Thompson v. Schmitt, 115 Texas, 53, followed. (P. 161.)

**2.—Intervention—Pleading—Amendment.**

It was error to permit intervenors whose pleadings sought judgment only against a stock company, party to the suit, to recover against stockholders in the company as personally liable as partners therein on amendment permitted during the trial, but filed later, setting up such partnership liability, to which they were given no opportunity to make defense. (P. 161.)

ON REHEARING.

**3.—Partnership—Judgment—Marshalling Assets.**

Defendants, sought to be held personally liable as partners for the debts of joint stock companies, the assets of which were by the judgment to be marshalled for the payment of all their creditors, secured and unse-

cured, had an interest in such application of the assets, being personally liable as partners only for so much of the company's debts as its assets failed to discharge. A creditor could not, by waiving his lien on the company's assets, entitle himself to personal judgment against the partners alone. (Pp. 161, 162.)

Error to the Court of Civil Appeals for the Second District in an appeal from Wichita County.

On appeal of Howe and Meier, the judgment of the District Court against them was affirmed. (Howe v. Wichita State Bank & Trust Co., 242 S. W., 1091.) Appellants thereupon obtained writ of error.

*Melville E. Peters,* for plaintiffs in error.

The court erred in holding that appellants, as trustees and stockholders, are personally liable on the contract of the New-Tex Refining Company and the New-Tex Pipe Line Company. Industrial Lumber Co. v. Texas Pine Land Assn., 72 S. W., 875; Fisheries Co. v. McCoy, 202 S. W. 343, 348; Wells v. Houston, 23 Texas Civ. App., 629, 57 S. W., 584; Gray v. Cockrell, 49 S. W., 247; Vol. 20 Ruling Case Law, Sec. 7, page 346; Vol. 20 Ruling Case Law, Sec. 15, page 353.

Where, as in the case at bar, certain actions were consolidated for trial, and afterwards certain persons and concerns were permitted to file their pleas of intervention setting up alleged claims against one of the defendants in said consolidated actions not including appellants herein and on the day of trial all parties and intervenors announced ready, it was fundamental error for the court to permit such pleas of intervention thereafter to be so amended as to include as new defendants in said interventions other than defendants in said consolidated actions, including appellants, and then proceed to trial on said day upon suppositious amended pleas and before the filing and presentation of such amended pleas, which amended pleas were not filed until seven or more days after the trial and at a time when such new defendants in said intervention, including appellants, could not answer the allegations in said amended pleas before the trial and could not defend in court as against such allegations, and to thereafter render judgment against such new defendants in such interventions including appellants upon such amended pleas. Arts. 1820, 1827, Vernon's Sayles' Texas Civ. Statutes, 1914; Railway Co. v. Granger, 22 S. W., 70; Hall v. Jackson, 3 Texas, 305; Davis v. McGehee, 24 Texas, 210; Pressley v. Testard, 29 Texas 199; Boettcher v. Prude, 32 Texas, 472; Thompson v. Bohannon, 38 Texas, 241; Kimmarle v. Houston & T. C. Ry. Co., 76 Texas, 686; Railway Company v. Ross, 62

Texas, 447; Interstate Bldg., etc., Assn. v. Bryan, 54 S. W., 377; Shaw v. Lobitz, 35 S. W., 877; Seastrunk v. Pioneer Savings & Loan Co., 34 S. W., 466; Western Union Tel. Co. v. Hidalgo, 99 S. W., 426.

*Bonner, Bonner & Sanford,* for defendants in error.

Our Supreme Court in Sergeant v. Goldsmith D. G. Co., 221 S. W., 258, and by denying a writ of error in Industrial Lumber Co. v. Texas Pine Land Association, 72 S. W., 875, and by its notation made in granting the writ of error in Fisheries v. McCoy, 202 S. W., 343, and our several Courts of Civil Appeal in numerous cases, among which might be mentioned Dee v. Taylor-Hanna-James Co., 227 S. W., 361; 205 S. W., 352, 198 S. W., 1047, and 171 S. W., 294, have uniformly and expressly held that shareholders under the facts here set forth are made personally liable for the payment of such debts under the express provisions of Article 6153, Revised Civil Statutes. Connally v. Lyons, 82 Texas, 664, 27 Am. St. Rep., 935; Taylor v. Davis, 110 U. S. 330; Mason v. Pomeroy, 151 Mass. 164; I. Fletcher Cyc. Corp., p. 33; Sears' Trust Estates (2 Ed.) p. 123.

Stockholders and members of joint stock associations are personally liable for the debts of such associations, and where a petition properly alleges, and the proof shows them to be such, judgment will be rendered not only against the company, but the stockholders and members as well, when personally cited. Rev. Stats., Arts. 6152, 6153, 6154.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

Several suits were brought by the Keystone Pipe & Supply Company and others against the New-Tex Refining Company and the New-Tex Pipe Line Company and against J. P. Howe and H. C. Meier, who were trustees and shareholders in the two companies, to recover the amount of various debts and to enforce liens. The suits were consolidated and numerous additional parties intervened seeking judgments against the New-Tex Refining Company and J. P. Howe and H. C. Meier upon indebtedness of the Refining Company.

The trial resulted in a judgment described by the Court of Civil Appeals as "long and intricate," under which various plaintiffs and numerous intervenors recovered judgment against one or the other company and against J. P. Howe and H. C. Meier. From this judgment Howe and Meier appealed and the Fort Worth Court of Civil Appeals affirmed the judgment after

slightly reforming it.    242 S. W., 1091 to 1098.    The writ of error was granted Howe and Meier.

The principal contention of plaintiffs in error that they should be relieved of personal liability on the contracts of the companies in which they were shareholders cannot be sustained under the rules announced today in the case of Thompson v. Schmitt, 115 Texas, 53, and the opinion in that case renders unnecessary any further discussion of this contention.

It appears that the judgment complained of by plaintiffs in error awards a recovery to intervenors Frances G. Brooks, J. H. Crotty, Eva Mae Womack, Southern Oxygen & Hydrogen Company, Martin's Book and Stationery Company, and W. P. Pritchard, against plaintiffs in error, on claims aggregating in excess of two thousand dollars, without any pleadings having been filed in behalf of intervenors when the trial began, and without the plaintiffs in error having been given opportunity to offer any defense to the intervention.    Under these circumstances the judgment in favor of these intervenors cannot be sustained on direct attack on appeal.    The error in rendering the judgment for the named intervenors was seasonably complained of.    Because of such error, the judgments of the District Court and of the Court of Civil appeals must be reversed and the cause remanded to the District Court.    It is so ordered.

### ON MOTION FOR REHEARING.

By motion for rehearing, defendant in error, Keystone Pipe & Supply Company offers to remit any lien in its favor enforced by the judgment of the District Court, and thereupon prays for a reformation of the judgment heretofore entered so as to award to said defendant in error a personal judgment against J. P. Howe and H. C. Meier and the surety company on their supersedeas bond.    Consideration of the District Court's judgment discloses that this cannot be done, without disregard of substantial rights of plaintiffs in error, Howe and Meier.

The District Court did not render a mere personal judgment in favor of the Keystone Pipe & Supply Company against Howe and Meier.    Instead, its judgment undertakes to marshal all assets of the New-Tex Refining Company and of the New-Tex Pipe Line Company, in a considerable amount, and to direct the distribution thereof among secured and unsecured creditors. It is obvious that Howe and Meier have the valuable right to have the common property of the refining company applied to the payment of that company's debts, and to have the common

property of the pipe line company applied to the payment of that company's debts. They should be made liable for the deficiency only from their individual estates. For, as declared by this court, through Chief Justice Stayton, in Wiggins v. Blackshear, 86 Texas, 668:

"As every partner is liable for the debts of his firm, and owns its property in common with the other partners, it is his right to have the common property applied to the payment of the partnership debts; and all the other partners, without his consent, cannot take this right from him."

In no event does the Keystone Pipe & Supply Company show itself entitled, on the facts disclosed by this record, to collect the full amount of its debt from plaintiffs in error individually or the surety on the supersedeas bond. It is necessary for the court below to have before it all parties claiming a share in the distribution of the assets of the two companies before it can properly marshal such assets. Intervenors Frances Y. Brooks et al. are such claimants. Having entered the only proper judgment on the original disposition of this case, the motion for rehearing is overruled.

*Reversed and remanded.*