**CULP v. ROBEY.   (No. 1008–4888.)**

Commission of Appeals of Texas, Section A.
Nov. 23, 1927.

1. **Bankruptcy** ⟐⟐435—Complaint alleging that trustee of unincorporated association had misappropriated and converted assets prior to his bankruptcy held sufficient allegation of fraud (Bankr. Act, § 17[4], being 11 USCA § 35).

In action by trustee of unincorporated association on notes given by former trustee prior to bankruptcy, complaint alleging that defendant became vested as trustee with complete legal title to property and active management of business for stockholders and beneficiaries, and that he misappropriated assets of trust estate and converted them to his own use, *held* sufficient pleading of fraud, under Bankruptcy Act, § 17(4), being 11 USCA § 35, providing debt created by defendant's "fraud * * * while acting as an officer or in any fiduciary capacity," shall not be discharged by bankruptcy.

2. **Bankruptcy** ⟐⟐426(2)—Trustee, vested with exclusive management of unincorporated association, acts in fiduciary capacity preventing discharge by bankruptcy of notes given to recoup losses by his misappropriation of assets (Bankr. Act § 17 [4], being 11 USCA § 35).

If trustee of unincorporated association. having legal title for benefit of stockholders and vested with exclusive management of business, misappropriated and converted assets to his own use, notes given trust estate to recoup such losses represented debt created by defendant's "fraud" while acting in "fiduciary capacity," within terms of Bankruptcy Act, § 17 (4), being 11 USCA § 35, permitting recovery on such notes notwithstanding discharge in bankruptcy.

3. **Joint-stock companies and business trusts** ⟐⟐13—Stockholders in unincorporated association, though they be considered partners, may vest legal title and active management in one of their number, as fiduciary.

Vesting of legal title and active management in one of stockholders of unincorporated association as fiduciary, is legal exercise of rights of stockholders, even though stockholders be considered as partners.

Error to Court of Civil Appeals of Third Supreme Judicial District.

Suit by R. E. L. Culp, trustee of the Coleman Trust Company, against B. F. Robey. The judgment dismissing plaintiff's suit was affirmed by the Court of Civil Appeals (294 S. W. 647), and plaintiff brings error. Judgments of district court and Court of Civil Appeals reversed, and cause remanded.

Critz & Woodward, of Coleman, for plaintiff in error.

Dibrell & Snodgrass and J. B. Dibrell, Jr., all of Coleman, for defendant in error.

NICKELS, J.   The case is sufficiently stated in the opinion of the honorable Court of Civil Appeals, 294 S. W. 647.

A basic question is whether the petition exhibits a debt, created by defendant's "fraud * * * while acting as an officer or in any fiduciary capacity." If the petition does that, his discharge in bankruptcy is not a defense (subparagraph 4, § 17, 30 Stat. L. 550, 32 Stat. L. 798 [11 USCA § 35]), and there is lack of warrant for the judgment.

We exclude from consideration all other questions, and specifically these: (a) Whether, in truth, the form and substance of the "association" is a partnership, within the doctrine of Thompson v. Schmitt, 115 Tex. 53, 274 S. W. 554, and other like cases, and as distinguishable from a trust.  (b) Whether a partner may be guilty of "embezzlement," "misappropriation," or "defalcation" as that conduct is dealt with in the Bankruptcy Act. And (c). the question of practice.

[1] If the terms of the instrument witnessing the intent and form of the relationship be at all regarded, defendant in error became vested with complete legal title to all property. The beneficial interest was left in the "stockholders"—including himself. That separation of legal and equitable titles was not a "dry" or passive one; it had the accompaniment of exclusive and active management affirmatively delegated to and imposed upon the grantee of the legal title. The vestiture of legal title and active management was made with directions of that nature which excluded rightful use of the title, powers, or assets for the individual benefit of the trustee save only as profit might come to him as a result of management with eye single to the common interests of the stockholders. And, naturally, violation of the directions or misuse of the title or assets for the purpose of benefits adverse to and at the expense of the stockholders generally would present the very essence of fraud.  See Boyd v. Jacobs, 6 Tex. Civ. App. 442, 25 S. W. 681.

[2] That fraud in its ordinary concepts is averred cannot be doubted.  Its usual effect, however, is sought to be avoided upon the claim of a nonfiduciary "capacity."  And that claim is rested upon a general proposition that "fiduciary capacity" (as referred to in the Bankruptcy Act) is not amongst the ordinary relations of partners and upon the particular contention that (despite the will of associates) the law fixes upon each "stockholder" the exclusive status of a partner. While doubting, we assume truth in the general proposition, but we affirm there is error in the more particular one in respects to be noticed.

[3] In so far as Thompson v. Schmitt, supra; Victor Ref. Co. v. City Nat. Bank, 115 Tex. 71, 274 S. W. 561; Hollister v. McCamey, 115 Tex. 49, 274 S. W. 562; Howe v. Keystone

Pipe & Supply Co., 115 Tex. 158, 274 S. W. 563, 278 S. W. 177; Wells v. Tel. Co. (Tex. Civ. App.) 239 S. W. 1001; Graham Hotel Corp. v. Leader (Tex. Civ. App.) 241 S. W. 700; Howe v. Wichita State Bank & Trust Co. (Tex. Civ. App.) 242 S. W. 1091; West Side Oil Co. v. McDorman (Tex. Civ. App.) 244 S. W..167; Harvey Co. v. Braden (Tex. Civ. App.) 260 S. W. 655; Nini v. Cravens & Cage Co. (Tex. Civ. App.) 253 S. W. 582, or other adjudication with which we are familiar, attribute to an association (in any wise comparable) the character of a partnership, it is so in respect to liabilities, etc., to outside parties. The doctrines of those cases as well as general principles leave something to the liberty of contract touching inter sese relations. Wineinger v. Farmers' & Stockmen's Loan & Investment Ass'n (Tex. Com. App.) 287 S. W. 1091, and cases there cited. Vesting of legal title and active management in one of the "stockholders" (even though the "stockholders" be partners) would be, we think, a lawful exertion of those rights. Since that action is moved by confidence and results in loss of the right to common title and management, it demonstrates a fiduciary nature in the relation of the one to each and all of the others.

We recommend that the judgments of the district court and Court of Civil Appeals be reversed, and that the cause be remanded.

Judge Critz did not participate in the consideration of the case and is not a party to the recommendations.

CURETON, C. J. The judgments of the district court and Court of Civil Appeals both reversed, and cause remanded to the district court, as recommended by the Commission of Appeals.