## BROWN v. ROBEY.
### No. 7435.

Court of Civil Appeals of Texas. Austin.
April 16, 1930.

Appellee's First Motion for Rehearing Overruled May 7, 1930.

On Motion for Rehearing May 14, 1930.

Critz & Woodward, of Coleman, for appellant.

Dibrell & Starnes, of Coleman, for appellee.

BLAIR, J.

The opinion of this court, reported in .294 S. W. 647, on a former appeal, states the nature of the suit. Suffice it here to state that appellant, Leman Brown, as substitute plaintiff for R. E. L. Culp, deceased, has continued this suit filed by Culp, as trustee for the Coleman Trust Company, against appellee on notes executed by him to the Coleman Trust Company. Appellee answered that the indebtedness represented by the notes had been released by his discharge in bankruptcy. Appellant replied that appellee obtained the money for which the notes were given under false pretenses or representations, or misappropriated the money to his own use while acting in a trust or fiduciary capacity for the Coleman Trust Company, in that appellee used the money while acting as trustee for said company with exclusive control and management of all its funds, without the knowledge or consent of its stockholders and willfully and purposely concealed the fact from them, so as to bring the transactions within the exceptions to a release by discharge in bankruptcy enumerated in the Bankruptcy Act § 17 (11 USCA § 35). The jury found that appellee acted in good faith in "using and loaning" the money to himself, and judgment was for appellee; hence this appeal.

Appellant submits fourteen propositions, some of which would require a reversal of the judgment, but need not be discussed, because we have reached the conclusion that the trial court should have instructed the jury, as requested by appellant, that appellee was guilty of the fraud charged in the petition under the undisputed evidence.

On the former appeal of this case the Commission of Appeals (299 S. W. 846) held that, if the above stated allegations of appellant's petition were sustained by proof, the use of the money by appellee under the circumstances and conditions of the parties would bring such use within the exceptions to a release by discharge in bankruptcy under provisions of the Bankruptcy Act, supra, as being a liability for obtaining property by false pretense or representations, or for misappropriation of it while acting in a trust or fiduciary capacity.

The undisputed evidence shows that the Coleman Trust Company was an unincorporated association, engaged in "a general loan and discount business" under a declaration of trust agreement, and that at the time appellee used and appropriated the money represented by the notes he was its trustee with possession and exclusive management and control of its money and property, with power to lend the money as he saw fit. The notes in suit represent moneys of the Coleman Trust Company used by appellee to pay his personal debts, taxes, oil royalties, etc., and to pay cotton accounts, etc., of B. F. Robey & Co., a copartnership composed of appellee, his brother, and their mother, all of whom have been declared bankrupts. These debts of appellee were paid over a period of several years by the checks of the Coleman Trust Company, signed by appellee as trustee, which were destroyed shortly after being paid. As the amounts accumulated appellee executed his notes to the trust company covering same, and no other record was kept of these transactions. The first note for $8,946.42, due on demand, was executed March 18, 1920, and the second for $500 was executed September 27, 1920. The constitution and by-laws of the Coleman Trust Company gave the trustee

possession, control, and complete management of its funds, but required an annual stockholders' meeting at which the trustee was to give an accounting of the affairs of the association, and also authorized the trustee to call the stockholders together if he desired to do so. Appellee served as trustee from April 1, 1917, to November 16, 1921, and, with the exception of possibly one year (1918), the annual stockholders' meetings were held. At these meetings appellee as trustee for the association reported all loans made, except those to himself which he willfully and purposely concealed from them. His testimony in regard to this matter is as follows:

"* * * On the occasions of whatever meetings were held of the stockholders I would get out the books and go over the business of the company. And at these times I would exhibit or at least call over the list of the notes, giving the name of the maker and the amount and probably some other description of these notes. In doing that I never did call attention to the fact or call off the amount of any note that I had executed to the company. But at that time I did have notes executed by me to the company, and among its papers. And these notes represented money that I had used of the company in my affairs and in the affairs of B. F. Robey & Company.

"The reason that in calling off the list of these notes that I did not call attention to my own note as one of the assets of the company,—this was just a matter of pride. It was just a matter of personal pride. As to whether it was that I did not want them to know that I had used this money and was indebted to the company; I did not do it, I did not call them off. I did not want the stockholders to know—it was a matter of pride."

Appellee insists that, since the testimony shows that it was agreeable both to the constitution of the Coleman Trust Company and to its stockholders that any stockholder might borrow from the association, and since he was a stockholder and good for the money at times the loans in suit were made, he was not guilty of the fraud charged as a matter of law. The contention is not sustained. The gravamen of the offense charged was not that he did not have authority to borrow from the association, but the fact that he willfully and purposely concealed the fact that he had done so from these to whom it was his duty to make disclosure.

This evidence conclusively establishes the allegations of the petition, and brings the case within the rule announced by the Commission of Appeals on the former appeal of this case. We therefore reverse the judgment of the trial court and here render judgment for appellant against appellee for the face value of the $500,

with 10 per cent. interest from date and 10 per cent. attorneys' fees provided for, and for the balance of $8,246.42, due on the $8,946.42 note, with interest thereon at the rate of 10 per cent. from and after November 16, 1921, and for the 10 per cent. attorneys' fees provided for, and all costs of suit.

### On Motion for Rehearing.

On motion for a rehearing appellant represents that it only sought a recovery of the balance due on the $8,946.42 note as for money fraudulently misappropriated by appellee, with interest thereon at the rate of 6 per cent. from November 16, 1921. Appellant pleaded that appellee was entitled to three credits on the $8,946.42 note, one for $200, another for $500, and still another for $350, leaving a balance of $7,896.42. We, therefore, reform our former judgment, so that appellant do have and recover of and from appellee the sum of $7,896.42, with interest thereon at the rate of 6 per cent. from and after November 16, 1921, to date of this judgment, as for money obtained by false pretenses and representations; that this judgment bear interest at the rate of 6 per cent. per annum from date until paid; and that appellant recover costs of suit. Appellee's motion for a rehearing is overruled. Our former opinion on rehearing is withdrawn, and this opinion substituted in lieu thereof.

Overruled.