**STATE v. HOWE et ux.**

No. 4562.

Court of Civil Appeals of Texas. Amarillo.

Feb. 17, 1936.

William McCraw, Atty. Gen., and Letcher D. King, Asst. Atty. Gen., for the State.

R. E. McKie, of San Marcos, for defendant in error.

MARTIN, Justice.

Condemnation proceedings for a public highway were instituted by plaintiff in error against defendants in error, under title 52, article 3264 et seq., R.S.1925. Special commissioners duly assessed damages and filed an award of same as provided by article 3264, supra. Objections thereto were timely filed by the state, to which Howe et ux., defendants in error, duly made and filed their answer. To this answer the state replied by first supplemental petition. It appears here that after the announcement of ready by both parties, and after a jury had been impaneled, plaintiff in error withdrew

488

all pleadings by it filed, except its first supplemental petition. This left it without any cause of action pleaded and therefore without anything upon which a judgment could be based. Its supplemental petition consisted in most part of exceptions, and did not pretend to be any basis for a suit.

"In a host of cases it is asserted that a judgment must be supported by the pleading; if such support is lacking the judgment is fundamentally erroneous and void. * * * It would appear upon sound reason that a judgment rendered where no case has been stated, or attempted to be stated, is as much a judgment upon a matter coram non judice, whatever may be the jurisdiction of the court rendering it, as a judgment upon a case, however perfectly stated, before a court not authorized to hear and determine it. In such a case, as where the record affirmatively shows a want of jurisdiction over the parties or subject matter, the judgment ought, we think, to be treated as a nullity both on direct and collateral attack." 25 Tex.Jur. pp. 474–477; Howe v. Keystone Pipe & Supply Co., 115 Tex. 158, 274 S.W. 563, 278 S.W. 177; Hart v. Hunter, 52 Tex. Civ.App. 75, 114 S.W. 882 (writ refused).

Without the above pleadings the county court was without jurisdiction to proceed, and its judgment herein was a nullity. Sinclair v. City of Dallas (Tex.Civ.App.) 44 S.W.(2d) 465, and numerous authorities there cited. There was in fact no cause of action left, and, if not, certainly no appealable one to this court.

Appeal dismissed.