John D. THOMAS, Appellant,

v.

David A. BELL, Appellee.

No. 11335.

Court of Civil Appeals of Texas.

Austin.

Nov. 10, 1965.

Rehearing Denied Dec. 1, 1965.

Vernon L. Smith, Waco, for appellant.

Neil E. Clinkenbeard, Killeen, for appellee.

PHILLIPS, Justice.

This is an appeal from an order of the District Court of Bell County overruling appellant's motion to quash a writ of garnishment issued by the court. The writ was served on the First State Bank of Killeen, Texas. The Bank answered and appellant intervened and filed the abovementioned motion to quash.

Upon hearing the court overruled the motion and appellant has appealed to this Court.

We affirm the judgment of the trial court.

Appellant and appellee, as well as another not involved here, had been partners in an engineering firm and this partnership was dissolved voluntarily by certain articles of dissolution. Thereafter, appellee brought suit against appellant alleging conversion of property belonging to appellee; that appellant willfully and maliciously converted with the intent to injure the appellee. The jury so found and a money judgment was entered against appellant for the value of the property on June 3, 1963.

On February 5, 1964, appellant was discharged as a bankrupt in Federal Court.

Appellant maintains here that because of the discharge in bankruptcy, the abovementioned judgment has also been discharged. That while 11 United States Code Annotated, Section 17, sub. a(2), of the Bankruptcy Act exempts certain debts and judgments from discharge under said act "for willful and malicious injuries to the person or property of another," appellee cannot claim the benefit of this exemption even though the District Court of Bell County rendered judgment upon jury findings that appellant had converted appellee's property willfully and maliciously with an intent to injure appellee. Appellant bases this contention on an opinion of this Court styled Culp v. Robey, Tex.Civ.App., 294 S.W. 647, reversed and remanded by the Supreme Court in 299 S.W. 846. Appellant cites our opinion in Culp for the proposition that a partner cannot convert partnership property where the property alleged to have

been converted came rightfully into the hands of the partner subsequently charged with conversion. From this, appellant argues since the property found to have been willfully and maliciously converted by the abovementioned judgment of the District Court was partnership property which came rightfully into the hands of appellant, the rule announced in Culp applies.

We cannot agree with this contention. There is no showing here that partnership property was involved in the suit in the District Court. From the record before us the judgment of the District Court was based upon the willful and malicious conversion of plaintiff's (appellee's) property. The court correctly overruled the appellant's motion to quash the writ of garnishment based upon this judgment. See In re Green, 7 Cir., 87 F.2d 951, 109 A.L.R. 1188. Also, In re Frazzetta, D.C., 1 F.Supp. 122.

We affirm the judgment of the trial court.

Affirmed.

ARCHER, C. J., not participating.