**In re ACTION ROOFING & SUPPLY CO., Action Roofing & Supply Co. Liquidating Trust, Debtors.**

**Bankruptcy Nos. 90–04893–H3–11, 90–04894–H3–11 and 90–04893–H3–11.**

United States Bankruptcy Court, S.D. Texas, Houston Division.

Dec. 31, 1991.

**218**

Joseph H. Hill, Javier A. Rey, Cage, Hill & Niehause, Houston, Tex., for Action Roofing & Supply Co.

Richard W. Simmons, Nathan, Wood & Sommers, Houston, Tex., for Ronald J. Sommers, Liquidating Trustee for Action Roofing & Supply Co. Liquidating Trust.

John Mayer, Ross, Banks, May, Cron & Cavin, Houston, Tex., for Goodyear Tire & Rubber Co.

## MEMORANDUM OPINION

LETITIA Z. CLARK, Bankruptcy Judge.

Came on for consideration the Motions to Dismiss filed by Goodyear Tire and Rubber Co. After considering the pleadings, evidence, and arguments of counsel, the court makes the following Findings of Fact and Conclusions of Law, and enters a separate Judgment in accordance herewith granting the Motions to Dismiss. To the extent any of the Findings of Fact herein are construed to be Conclusions of Law, they are hereby adopted as such. To the extent any Conclusions of Law herein are construed to be Findings of Fact, they are hereby adopted as such.

### Findings of Fact

1. Action Roofing & Supply Co. ("ARS") ceased doing business in mid-1988. At that time, ARS transferred all its assets to the Action Roofing & Supply Co. Liquidating Trust ("LT"), which was to distribute ARS's assets pro rata to all of ARS's creditors pursuant to an agreement, if all parties to the agreement ratified the agreement.

2. Southwestern Bell Media ("Bell") and Goodyear refused to ratify the liquidating trust agreement, and sued in state court to recover funds interpled by West End Lumber against sums allegedly due on their open accounts. The interpleader suit involved all creditors, including Ron Sommers, the Liquidating Trustee, who did not actively participate (*See* Goodyear Exhibit G). The state court in a carefully reasoned Opinion (Goodyear EX G) granted judgment for Bell and Goodyear.

2. ARS filed its Chapter 11 petition on July 13, 1990. ARS also filed preference actions against Bell and Goodyear, seeking to recover the amounts paid to those parties and to distribute the funds to all creditors.

3. The only remaining asset of the ARS estate is the preference complaint against Goodyear. (The complaint against Bell settled.) ARS has approximately $2 million in creditors, most of whom are unsecured.

4. Goodyear seeks dismissal of the ARS case on the basis that it was filed in bad faith as a collateral attack on the state court judgment, filed because ARS did not have any funds remaining with which to post a bond to appeal the state court judgment. Goodyear also seeks dismissal of the LT case on the basis that a liquidating trust does not have standing to be a debtor under the Bankruptcy Code.

### Conclusions of Law

■ 1. Section 1112(b) of the Bankruptcy Code provides that upon motion of a party in interest, the court may dismiss a Chapter 11 case. Goodyear, as a defendant in the preference action, is a party in interest in the bankruptcy case, and thus has

standing to move to dismiss the bankruptcy cases.

2. In determining whether a Chapter 11 petition has been filed in good faith, the court should consider whether the debtor has any assets to protect, whether the debtor has an ongoing business to reorganize, and whether there is a reasonable probability of a plan's being proposed and confirmed. *In re American Property Corp.*, 44 B.R. 180 (Bankr.M.D.Fla.1984); *In re Cooper Properties Liquidating Trust,* 61 B.R. 531 (Bankr.W.D.Tenn.1986).

3. Mr. Atkins, former president of ARS, testified that the preference action is the only asset of the ARS case. ARS does not have an ongoing business to reorganize. The only possible plan is a liquidating plan.

4. The ARS bankruptcy case has no apparent purpose other than as an attempt by the creditors to relitigate the issues squarely determined by the state court. (See state court Opinion, Goodyear EX G.) The Debtor had ceased to function prior to filing bankruptcy, its original management had already departed to other employment, and the only possible plan was and is liquidation. The court concludes that the ARS case was not filed in a good faith attempt to reorganize, but rather as an attempt to restructure a liquidation already determined by the state court.

5. To the extent that there might exist additional assets other than the alleged preference, an adequate framework at state law exists to allow Ron Summers, in his capacity as Liquidating Trustee, to liquidate and distribute those assets.

6. The Bankruptcy Code allows only a person or a municipality to be a debtor. A person is defined to include a corporation, and a corporation is defined to include a "business trust". 11 U.S.C. §§ 101(41), 101(9)(A)(v).

7. A business trust is an arrangement whereby owners convey the assets to a trustee. The trustee then issues shares to the owners, as beneficiaries of the trust. The trustee administers the assets, and pays income from the assets to the beneficiaries.

8. There is no effective device creating a business trust under Texas law. A business trust is expressly excluded under the Texas Trust Code, Texas Property Code § 111.003. See also *Howe v. Keystone Pipe & Supply Co.*, 115 Tex. 158, 274 S.W. 563 (1925).

9. The court concludes that the Action Roofing and Supply Co. Liquidating Trust is not a proper debtor under Chapter 11 of the Bankruptcy Code, and that there was no possible "reorganization" of this entity, merely an effort to restructure a liquidation already determined by a state court.

Based on the foregoing, a separate Order will be entered in accordance herewith granting the Motions to Dismiss.